| | | | | |
|---|---|---|---|---|
| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | | |
| CASE NUMBER | 00 C 1161 | DATE | 6/9/2000 | |
| CASE TITLE | Custom Companies vs. Official Committee of Unsecured | | | |

# United States District Court, Northern District of Illinois

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Custom Companies' motion for leave to appeal an interlocutory order entered by the United States Bankruptcy Court of the Northern District of Illinois is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| ✓ | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

WAP — courtroom deputy's initials

Date/time received in central Clerk's Office

date docketed
docketing deputy initials
date mailed notice
mailing deputy initials

Document Number: 5

JUN 1 2 2000

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CUSTOM COMPANIES,

        Plaintiff,

v.

OFFICIAL COMMITTEE OF
UNSECURED CREDITORS,

        Defendant.

Case No. 00 C 1161

Judge Harry D. Leinenweber

DOCKETED
JUN 1 2 2000

## MEMORANDUM OPINION AND ORDER

Before the Court is defendant Custom Companies' ("Custom") motion for leave to appeal an interlocutory order entered by the United States Bankruptcy Court of the Norther District of Illinois. Specifically, Custom seeks to appeal the bankruptcy court's denial of its motion to dismiss a preference action filed against it by a committee of unsecured creditors.

### BACKGROUND

The background facts are taken from the bankruptcy court's oral ruling denying Custom's motion for reconsideration. The underlying action commenced when CVJ/JATS ("Debtor") filed a petition for reorganization under Chapter 11 on November 25, 1997. The Official Committee of Unsecured Creditors of CVJ/JATS, Inc. ("Committee") was appointed shortly after the filing. By March 11, 1998, substantially all of the Debtor's assets were sold but the funds from the sale fell short of covering all of the claims

against the estate. So that they might procure funding for a plan, the Committee and the Debtor sought extensions of time to file a joint plan of reorganization, advising the bankruptcy court that the plan would partly be funded with the proceeds of causes of action owned by the estate. Accordingly, on October 19, 1999, the Committee filed its first plan of reorganization in which the Debtor assigned the right to pursue preference actions to the Committee.

On November 22, 1999, the Committee filed the preference action at issue here against Custom. The complaint was filed several days before the expiration of the statute of limitations for bringing avoidance actions pursuant to 11 U.S.C. § 546(a). However, the Committee did not seek leave of the bankruptcy court to bring this action on behalf of the Debtor, and the reorganization plan assigning such actions to the Committee had not yet been confirmed. On November 29, 1999, the Committee filed an amended reorganization plan, which again included a provision assigning the right to pursue preference actions to the Committee. A confirmation hearing for the plan was set for December 21, 1999 and all parties, including Custom, was notified of the hearing and the terms of the reorganization plan.

Meanwhile, on December 10, 1999, Custom filed a motion to dismiss the Committee's preference action on grounds that the Committee lacked standing since it did not seek leave of court to

bring such an action. The motion was noticed for hearing on December 22, 1999.

On December 21, 1999, the bankruptcy court issued an order confirming the reorganization plan. On December 22, 1999, the bankruptcy court also denied Custom's motion to dismiss, noting that it had already approved the reorganization plan and the assignment of preference actions. Custom then moved for reconsideration, arguing that the reorganization plan's assignment of preference actions was not retroactive, and therefore, the Committee's complaint, which was filed prior to the grant of authority, was still invalid.

The bankruptcy court denied Custom's motion for reconsideration in an oral ruling. The bankruptcy court agreed with Custom that the plan did not afford the Committee retroactive authority to pursue preference actions. Furthermore, the Court acknowledged that even though the Committee currently had the authority, it would run afoul of the statute of limitations under § 546(a) if it attempted to file another claim against Custom now. Nevertheless, the bankruptcy court concluded that Custom had notice of the complaint and the debtor's intent to assign preference actions to the Committee prior to the running of the statute of limitations. It also found no evidence that the Committee's failure to obtain proper authority prior to the filing of the complaint was in bad faith. Therefore, relying on the doctrine of

equitable tolling, the bankruptcy court refused to vacate its earlier decision denying the motion to dismiss. Custom now requests that this Court review that decision.

## DISCUSSION

The Bankruptcy Code provides that interlocutory orders from the bankruptcy court may be reviewed with leave of the district court sitting in its appellate jurisdiction. *See* 28 U.S.C. § 158(a)(3). In determining whether to exercise jurisdiction over such interlocutory appeals, the courts have traditionally looked to the following factors: (1) whether the order appealed from involves a controlling question of law, (2) whether there is substantial ground for difference of opinion, and (3) whether an immediate appeal from the order may materially advance the ultimate termination of the litigation. *See Trustee of Jartan, Inc. v. Winston & Strawn*, 208 B.R. 898, 900 (N.D. Ill. 1997). Because the Court finds that an immediate appeal will not materially advance the litigation, leave to appeal is denied.

Interlocutory appeals should not be granted where it would merely encourage needless delay and piecemeal litigation. *See In re Pullman Construction Indus., Inc.*, 143 B.R. 497, 498 (N.D. Ill. 1992). Granting Custom's request for appeal would, however, do just that. Custom does not demonstrate that the bankruptcy court was so off the mark that reversal, and therefore, immediate termination of this case is most likely. Custom argues that the

bankruptcy court committed clear error in relying upon the equitable tolling doctrine where the Committee has not alleged that Custom fraudulently concealed its claim or that the Committee could not otherwise discover its claim in time despite due diligence. (Custom Mot. at 5-7). But fraudulent concealment is not the only situation in which courts have relied on principles of equitable tolling. *See e.g., Jones v. Madison Serv. Corp.*, 744 F.2d 1309, 1314 (7th Cir.1984)(equitable tolling may be available where plaintiff made a good faith error). Here, the bankruptcy court explicitly distinguished this case from those concerning fraudulent concealment, finding support from other lines of precedent that allowed equitable tolling where the plaintiff, who was otherwise diligent, made a good faith error. (Trans. at 8). Custom does not bring to the attention of this Court any precedent that would indicate that the bankruptcy court so completely lacks any basis for extension of such a principle to this case.

The question, then, being relatively an open one, review at this stage will merely multiply proceedings as the Committee is most likely to immediately appeal any reversal by this Court. Meanwhile, nothing substantive would have been accomplished in the case. Because Custom will have preserved for review the issue of the statute of limitations for appeal whenever a final order is implemented, the Court sees little reason to take up this question now.

## CONCLUSION

For the reasons stated above, Custom Companies' motion for leave to appeal is denied.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Date: June 9, 2000